## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Criminal Case No. 21 CR 230 (PLF)** |
| | : | |
| DECONDI MAYO, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits its memorandum in aid of sentencing. For the reasons herein, the United States requests that the Court sentence the defendant to a period of 110 months of incarceration; the government further requests that the Court impose a period of 3 years of supervised release. In support of this sentence, the government states the following:

### I.     Factual Summary

On September 3, 2022, Defendant Decondi Mayo pled guilty to Count 1 of the Indictment, charging Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). The defendant accepted a factual proffer support of his guilty plea that included the following facts:

1.      On January 29, 2021, at approximately 3:00 p.m, members of the Seventh District Metropolitan Police Department (MPD) Crime Suppression Team were on patrol in the 2200 block of Bryan Place, S.E., Washington, D.C. when they observed the defendant, Decondi Mayo, reaching into the passenger side window of a blue Nissan Maxima with Maryland paper tags. The defendant looked in the officers' direction as they pulled into the block and then he immediately separated himself from

1

the vehicle and continued to look back over his shoulders at officers.  Shortly thereafter, the defendant walked up concrete steps toward a boarded up and uninhabitable home located at 2212 Bryan Place, S.E.

2.    Officers parked, exited their vehicles, and observed the defendant continually pressing his right arm against the right side of his jacket attempting to secure an object on the front of his person.  The defendant's left arm continued to move freely as he proceeded up the concrete steps.  Based on these observations, the officers believed the defendant to be armed and moved toward the defendant in an effort to stop him.  An officer observed the defendant's right shoulder and elbow move in an upward rolling motion as if the defendant was withdrawing something from the front of his waistband area.  Simultaneous to this movement, the same officer observed a black in color object that he immediately recognized to be a pistol, be discarded from the defendant's person.  Officers heard a noise consistent with a metal object striking concrete and shortly thereafter located a black in color firearm next to the defendant's feet and immediately voiced the predetermined code word for a firearm.

3.    During the search incident to arrest, officers located a black in color handgun magazine in the defendant's front right jacket pocket.  The magazine was fully loaded with ten live rounds.  The firearm was determined to be a black in color 9mm Glock 26 with serial number "PTF051." A query of the aforementioned serial number revealed that the firearm was reported stolen out of Anne Arundel County on June 30, 2018.  When the gun was recovered, it was loaded with one round of ammunition in the chamber and sixteen rounds in the magazine. There are no firearm or ammunition manufacturers in the District of Columbia.  Therefore, the firearm and ammunition in this case traveled in interstate commerce.

4.    The defendant acknowledged that at the time he possessed the firearm on January 29, 2021, he knew he had been convicted of crimes punishable by more than one year of

2

incarceration, including Superior Court Case No. 2014 CF2 4867, for which he was sentenced to 18 months incarceration, and Possession with Intent to Distribute Phencyclidine and Carrying a Handgun in Prince George's County Circuit Court, case number CT131532X, for which he was sentenced to 10 years incarceration, all but 4 years suspended.

As part of the plea agreement the Government agreed to cap its allocution to the low-end of the applicable sentencing guideline range and agreed to dismiss D.C. Superior Court case number 2018 CF2 014236 at the time of sentencing.

**II.    Sentencing Factors**

When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a). See United States v. Gall, 128 S. Ct. 586, 596 (2007).   Indeed, the Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). United States v. Rita, 127 S. Ct. 2456, 2463-65 (2007). The Section 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the purposes of the statute; (3) the kinds of sentences available (4) the sentencing guidelines; (5) policy statements; (6) the need to avoid unwarranted sentence disparities; and (7) the need to provide restitution to any victims.

1.   Statutory Penalties and the U.S. Sentencing Guidelines

The offense of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), carries with it a maximum sentence of 10 years of imprisonment; a fine of $250,000; and a term of supervised release of not more than three years.

A.  Offense Level Calculation

The government agrees with the sentencing guidelines as calculated within the presentence report.[1]  The base offense level is governed by U.S.S.G. § 2K2.1(a)(3)(A)(i) and (B) (22 points).  An additional 2 points for "Specific Offense Characteristics" should be added to the base level offense under U.S.S.G. § 2K2.1(b)(4)(A) because the firearm was reported stolen from Anne Arundel County, Maryland (24 points).  An additional 2 points for "Adjustment for Obstruction of Justice" should be added pursuant to U.S.S.G. § 3C1.1 (26 points).

B.  Criminal History Category

The Defendant has the following prior convictions (resulting in 9 criminal history points) and committed the instant offense while under supervision in CT131532X (resulting in an additional 2 criminal history points), and is therefore in Criminal History Category V:

- Count 1: CDS: Possession With Intent to Distribute PCP; Count 6: Wear, Carry and Transport Handgun Upon Their Person / Prince George's County Circuit Court (CT131532X) [3 points, 4A1.1(a)];

- Count 1: Unlawful Possession of Liquid PCP; Count 3: Unlawful Possession of a Firearm (Prior Conviction > 1 year) / DC Superior Court; Washington, DC (2014 CF2 4867)  [3 points, 4A1.1(a)];

- Possession of a Controlled Substance (2018 CF2 6768)  [1 point, 4A1.1(c)]; and

- Resisting Arrest (2018 CF2 14236) [2 point, 4A1.1(b)].

The Defendant's criminal history is significant.  In the case originating in 2013, when the defendant was 37, he pled guilty to Possession With Intent to Distribute PCP and for Transporting a Handgun in Prince George's County.  In a case originating in 2014, when the defendant was 38, he

---

[1] The original plea paperwork estimated the defendant's presentence score as 8 and did not score 1 additional point because of the defendant's conviction in 2018 CF2 6768 and 2 additional points based on the defendant's conviction in 2018 CF2 14236. The Government agrees with the presentence report that the defendant has a criminal history score of 11.

pled guilty to Unlawful Possession of Liquid PCP and Unlawful Possession of a Firearm (Prior Conviction > 1 year).  In a case originating in 2018, when the defendant was 42, he pled guilty of a Possession of Controlled Substance (Cocaine).  Then in 2019 the defendant was found guilty for resisting arrest in 2018 CF2 14236.

        C.  <u>Argument</u>

The nature of this offense is serious, and this is the defendant's eighth adult criminal conviction.   Defendant Mayo – despite being a prohibited person – possessed a loaded weapon. The consistent theme within the defendant's recent criminal history is that he is repeatedly found to be in possession of illegal firearms and/or PCP or cocaine.  Since 2013, the defendant has repeatedly broken the law and has posed a danger to the community.  Indeed, the defendant's convictions in 2013, 2014 and the instant offense are almost duplicative since in each of those instances the defendant was found with a firearm.  Furthermore, the defendant committed the instant offense while being supervised in CT131532X, a clear violation of his conditions of release.  Defendant's prior convictions and interactions with the criminal justice system should have served as a wake-up call, but his actions and the choices he has made illustrate that he is unable to obey the law and repeatedly finds himself in possession of illegal firearms.

## III.   Conclusion

For the foregoing reasons, the government recommends that the Court sentence the defendant to a sentence of 110 months of incarceration to be followed by a term of 3 years of supervised release.  The government submits that a sentence of 110 months of imprisonment is an appropriate sentence, which serves to protect the community, punish the defendant for his criminal conduct, and deter others from committing similar offenses, while also affording the defendant an opportunity at rehabilitation.  The government submits that a sentence of 110

months of imprisonment serves the interests of justice and appropriately balances the sentencing

factors under 18 U.S.C. § 3553(a).

                                        Respectfully Submitted,
                                        MATTHEW GRAVES
                                        UNITED STATES ATTORNEY


                                BY:        _____/s/_____

                                   SHEHZAD AKHTAR
                                   D.C. Bar No. 493635
                                   Assistant United States Attorneys
                                   United States Attorney's Office
                                   601 D Street, N.W.
                                   Washington, D.C. 20530
                                   Telephone: (202) 252-7498
                                   E-mail: Shehzad.Akhtar@usdoj.gov

I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel Brian McDaniel, via the electronic case filing system, this 4th day of January, 2023.

_____/s/_____
SHEHZAD AKHTAR
Assistant United States Attorney